UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00075-MR

| | |
|---|---|
| GARY DEAN PARKER, JR., ) ) Plaintiff, ) ) vs. ) ) ANTHONY GOULD, et al., ) ) Defendants. ) _____ ) | ORDER |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Doc. 10], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A.

**I.   BACKGROUND**

Pro se Plaintiff Gary Dean Parker, Jr., ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Avery/Mitchell Correctional Institution in Spruce Pine, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on March 16, 2023, against eleven individual Defendants, including "Quetin" Miller, identified as the Buncombe County Sheriff; Anthony Gould, identified as a Major at the Buncombe County Detention Facility (the "Jail"), and nine other Jail officials, all in their individual and official capacities. [Doc. 1]. Plaintiff alleged that his constitutional rights have been violated,

claiming "interference with legal mail and communication[,] sexual assault, failure to protect, due process, [and] jail conditions."  [Id. at 2]. Plaintiff, however, also alleged that his Complaint sounds in negligence and that the "evidence may justify a finding of willfulness or of recklesness [*sic*] or of negligence."  [Id. at 10].  For relief, Plaintiff seeks monetary and injunctive relief and to be released from custody.  [Id. at 21].

The Court found that Plaintiff's Complaint failed initial review, noting Plaintiff's "meandering and disjointed allegations."  [Doc. 9 at 2].  The Court advised Plaintiff that, "[a] plaintiff may not assert unrelated claims against unrelated defendants in a single action" and that it would not "blindly select which related sets of facts and Defendants Plaintiff might want to pursue in this action."  [Id. at 3-4]. The Court also admonished Plaintiff that he "often fail[ed] to identify which Defendant or Defendants are responsible for the alleged conduct."  [Id. at 2].  The Court dismissed Plaintiff's official capacity claims against all Defendants because Plaintiff did not allege that any official policy was the moving force behind any constitutional injury and Plaintiff's claims against Defendants Miller and Gould for Plaintiff's failure to allege any personal participation by these Defendants.  [Id. at 5-6].  The Court allowed Plaintiff 30 days to amend his Complaint to properly state a claim for relief in accordance with the Court's Order or the Court would dismiss this action

without prejudice. [Id. at 7-8].

Now before the Court is Plaintiff's Amended Complaint. [Doc. 10]. In his Amended Complaint, Plaintiff names the following Defendants, all identified as Jail officials: (1) Major Anthony Gould; (2) Lieutenant FNU Littrel, (3) Sergeant J. Moore, (4) Sergeant FNU Austin, (5) Storm Team Officer (STO) FNU Banks, (6) STO FNU Worley, (7) STO FNU Roberts, (8) STO FNU Garcia, (9) Sergeant FNU Zabidale, and (10) Lieutenant FNU Altman.[1] [Id. at 2-3, 12-13]. Plaintiff again purports to sue Defendants in their individual and official capacities. [Id.].

Plaintiff alleges that between April 17, 2020, and May 5, 2021, the following occurred while he was detained at the Jail. Defendants Gould, Littrel, Altman, Moore, Austin and Zabidale falsely imprisoned Plaintiff based on a "fabrication of a charge of homicide," defamed Plaintiff by listing the homicide charge online, and were otherwise responsible for "sexual abuse, mental health care, the unconstitutional conditions of confinement that constituted serious deprivation, unsanitary and deplorable conditions that threatened [Plaintiff's] health;" denied Plaintiff's access to mail and attorney

---

[1] Plaintiff does not name Quentin Miller as a Defendant in this matter in his Amended Complaint. The Court will instruct the Clerk to remove Quentin Miller as a Defendant in the docket in this matter.

visits, which caused Plaintiff to lose a $15,000.00 retainer for attorney fees; denied Plaintiff "due process and equal protection rights to adequate medical and mental health treatment and procedural due process." [Id. at 4, 14, 20]. Defendants Banks, Worley, Roberts, and Garcia recorded Plaintiff in the shower with body cameras, and were involved in "sexual abuse, and unconstitutional conditions of confinement that constituted sufficient serious deprivation and unsanitary, deplorable conditions, retaliation by jail officials." [Id. at 15]. Defendant Worley offered Plaintiff bribes for sexual acts, including "a key to the jail for excape [*sic*] attempt." [Id.]. Defendants Moore and Austin denied Plaintiff a shower "for 26 days then a week more" and denied Plaintiff "access to the Courts as a form of retaliation." [Id.]. "[J]ail Admin failed to protect inmates and others after many warning over the sexual assaults, staff recording inmates shower and strip search." [Id. at 20]. "Jail staff" housed Plaintiff in a temporary holding cell with no outside windows for over six months. [Id.]. Due to Plaintiff's wrongful imprisonment and the denial of communication and legal mail, he was unable to "report the theft of property from lake home and business." [Id.]. Plaintiff was "forced to take a plea deal to get away from the sexual assaults and mistreatment and housing" and that his "plea deal is full of mistakes." [Id. at 17].

Plaintiff claims violation of his rights under the First, Fourth, Eighth, and Fourteenth Amendment and defamation. [Id. at 3, 10]. Plaintiff does not separately set out his injuries.[2] [See id. at 17, 20, 22]. For relief, Plaintiff seeks monetary damages, "terminat[ion]" of his state prison sentence, the cost of the property that was stolen from his business and lake home, investigation by the State Bureau of Investigation of the "actions and crimes" of the Jail and the Buncombe County Sheriff's Office, and unspecified injunctive relief. [Id. at 18, 24].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

---

[2] Rather, Plaintiff restates allegations in support of his claims and labels them "injuries." [See Doc. 10 at 17, 20].

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's Amended Complaint fails for several reasons.

To start, Plaintiff again brings unrelated claims against unrelated defendants in a single action. Plaintiff's alleges conduct by ten individual Defendants spanning a year, ranging from fabricated charges and false imprisonment to sexual abuse to interference with legal mail and attorney visits to conditions of confinement and more. As Plaintiff was previously

admonished, he may not include all these claims in a single action and the Court cannot blindly select which set of facts or claims Plaintiff wants to pursue.

Moreover, Plaintiff largely fails to allege any specific facts in support of his vague claims against the various Defendants. For instance, Plaintiff alleges "sexual abuse" against Defendants Gould, Littrel, Altman, Moore, Austin, and Zabidale, but he fails to allege any facts in support of this claim. He claims "unsanitary and deplorable conditions" threatening his health, as well as violation of his right to adequate medical and mental healthcare, but again states no facts in support of these claims. Plaintiff also makes allegations against "jail administration" and "jail staff," but he fails to identify the staff or administration involved in the alleged conduct. The Court cannot create claims for the Plaintiff by filling in the substantial gaps of his allegations. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

Plaintiff also again sues all Defendants in their official capacities despite the Court's previous Order dismissing these claims for Plaintiff's failure to allege that official policy was the moving force behind any constitutional injury. Plaintiff fails to correct this deficiency in his Amended Complaint.

Plaintiff's claims of false imprisonment and defamation for publishing Plaintiff's charge would fail in any event because Plaintiff has not alleged that the underlying state criminal conviction has been vacated or otherwise invalidated. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Rather, Plaintiff alleges that he pleaded guilty and seeks to have that conviction vacated.

Because Plaintiff failed to amend his Complaint in accordance with the Court's Order and has otherwise properly failed to state a claim for relief, the Court will dismiss this action without prejudice. Should Plaintiff refile this action, however, he should do so very carefully, considering and adhering to the terms of this Order, to prevent dismissal.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action without prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 10] fails initial review in accordance with the terms of this Order and this action shall be **DISMISSED without prejudice** for Plaintiff's failure to state a claim for relief.

The Clerk is respectfully instructed to remove Quentin Miller as a Defendant from the docket in this matter.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: May 25, 2023

Martin Reidinger
Chief United States District Judge