IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00075-MR

| | |
|---|---|
| GARY DEAN PARKER, JR., ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> ) </br> ANTHONY GOULD, et al., ) </br> ) </br> Defendants. ) </br> _____ ) | ORDER |

**THIS MATTER** is before the Court on the Plaintiff's letter [Doc. 13], which the Court construes as a motion for copies in this closed case.

Pro se Plaintiff Gary Dean Parker, Jr., ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Avery/Mitchell Correctional Institution in Spruce Pine, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on March 16, 2023, against eleven individual Defendants.[1] [Doc. 1]. Plaintiff's Complaint failed initial review and the Court allowed Plaintiff to amend his Complaint to properly state a claim for relief. [Doc. 9]. Plaintiff timely amended his Complaint [Doc. 10], but still failed to state a

---

[1] Plaintiff included 65 pages of exhibits with his Complaint. [See Doc. 1-2].

claim for relief. The Court, therefore, dismissed Plaintiff's Complaint without prejudice on May 25, 2023. [Doc. 11 at 11].

Now before the Court is Plaintiff's motion requesting that the Clerk send him copies of the exhibits he filed with his original Complaint so that he may refile this action. [Doc. 13]. Plaintiff also requests a "new civil 1983 pak [*sic*]" and also asks the Clerk for "any info about lawyers, groups or any other people that may help [him] with and in court." [Id.].

The Court will deny Plaintiff's motion for copies. Plaintiff failed to include payment for the copies he requests. A litigant is ordinarily required to pay his own litigation expenses, even if he is indigent. See United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress…."). The Court is not a copying service. If Plaintiff needs copies of documents filed in the docket in this matter, he may pay for the copies he seeks at the standard rate of $.50 per page. See https://www.ncwd.uscourts.gov/court-fees. The Court will, however, instruct the Clerk to provide the Plaintiff with a copy of the current docket sheet as a courtesy. The Plaintiff is also advised that, if he refiles this action, he may refer to and incorporate by reference the exhibits filed in the instant, closed case and request that they be filed as exhibits to his Complaint in the new action.

As to Plaintiff's request for information regarding available counsel, Plaintiff is advised that should this case pass initial review, he will be offered the opportunity to accept the assistance of the North Carolina Prisoner Legal Services (NCPLS) in conducting discovery in this matter. The NCPLS, however, may nonetheless decline to represent Plaintiff for this limited purpose. Moreover, should Plaintiff's case eventually proceed to trial, the Court may appoint counsel for Plaintiff pursuant to the Prisoner Assistance Program (PAP), Case No. 3:19-mc-00013.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 13] is **DENIED** in accordance with the terms of this Order.

The Clerk is respectfully instructed to send Plaintiff a copy of the docket sheet in this matter and a blank Section 1983 form.

**IT IS SO ORDERED.**

Signed: July 11, 2023

Martin Reidinger
Chief United States District Judge

3

Case 1:23-cv-00075-MR   Document 14   Filed 07/11/23   Page 3 of 3